UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARTIN C. GOLUB, )
 )
        Plaintiff, )
 v. ) No. 1:08-cv-1708-TWP-TAB
 )
ROGER HUGH GOODES, )
 )
        Defendant. )

### Entry and Order Directing Dismissal of Action

For the reasons explained in this Entry, the defendant's motion to dismiss (dkt 48) must be **granted**.

### Discussion

Martin Golub seeks mandamus relief against Roger Hugh Goodes, an agent of the United States Secret Service ("USSS"). Other claims have been dismissed or are not properly presented here.[1]

Golub alleges that the USSS has unlawfully failed to investigate and otherwise take enforcement action against illegal surveillance performed by that agency. Golub asks this court to compel the defendant to do so. Agent Goodes has filed a motion to dismiss, which is fully briefed.

Dismissal is warranted under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on

---

[1] Any claim which might have been understood as being asserted pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), was dismissed in the Entry of November 4, 2009. Golub seeks leave to amend his complaint by asserting a claim against the United States of America pursuant to the Administrative Procedures Act. This request arises in Golub's response to the court's directions that the parties provide a discussion of whether there is jurisdiction to grant relief. Importantly, the request to amend would violate the misjoinder of claims provisions of Rules 18 and 20 of the *Federal Rules of Civil Procedure*, requiring that the resultant amended complaint be "rejected." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The request to amend is therefore **denied**.

its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id.* A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Ashcroft v. Iqbal,* 129 S. Ct. 1938, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555 & 557).

The motion to dismiss argues that the present action is barred by *res judicata*. This argument is unpersuasive because even if the nature of the claims is similar to those presented in prior litigation the allegations supporting those claims identify distinct events, or at least a different period of time.

A suit in mandamus to compel government agents to perform an action is a suit against the United States, and it is barred unless there has been a waiver of sovereign immunity. *See White v. Admn'r of Gen. Serv. Admin. of U.S.,* 343 F.2d 444 (9th Cir. 1965). The bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1459 (9th Cir. 1985). No waiver of the United States' sovereign immunity has been identified here.

Apart from the question of jurisdictional waiver, the remedy Golub seeks is not available here. This court is authorized to issue a writ of mandamus pursuant to 28 U.S.C. § 1651(a), the All Writs Act, which states that through such jurisdiction the court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Writs of mandamus are also authorized by 28 U.S.C. § 1361, which grants district courts jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In *Cheney v. United States Dist. Court,* 542 U.S. 367 (2004), the Supreme Court identified one of the three conditions that must be satisfied before a writ of mandamus may issue as: "the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Id.* at 380-81 (internal citations and quotation marks omitted); *see also In re Hijazi,* 589 F.3d 401, 406-07 (7th Cir. 2009).

This requirement is critical here. "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *United States ex rel. McLennan v. Wilbur,* 283 U.S. 414, 420 (1931). As recognized in *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978), "the judiciary cannot compel through writ of mandamus a federal official to perform any function unless the official is clearly directed by law to perform such a duty."

Golub has not identified, and the court does not find, any duty on the part of Agent Goodes in particular or on the USSS in general to take the action Golub seeks. Thus, the court does not have the authority to grant Golub the relief he seeks, an order compelling the defendant to take investigative or enforcement actions. Accordingly, the motion to dismiss (dkt 48) is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/27/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana